BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 8221 KING ROAD, LOOMIS, CALIFORNIA, PLACER COUNTY, APN: 037-330-004-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and<br><br>APPROXIMATELY $45,976.42 IN U.S. CURRENCY SEIZED FROM MECHANICS BANK CHECKING ACCOUNT NUMBER 41143841, HELD IN THE NAME OF TERRESA RUDD, DBA ROCK BOTTOM BEDS,<br><br>　　　　　Defendants. | 2:12-CV-02450-GEB-JFM<br><br>**STIPULATION FOR AN INTERLOCUTORY SALE AND ENTRY OF ORDER AUTHORIZING INTERLOCUTORY SALE OF THE DEFENDANT PROPERTY** |

The United States of America and claimant Terresa Rudd hereby agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1.  The defendants in this action is described as real property at 8221 King Road, Loomis, California, Placer County, APN: 037-330-004-000, including all appurtenances and improvements thereto, ("defendant property"), and more fully described in Exhibit A

1

1  attached hereto and incorporated herein by reference; and Approximately $45,976.42 in
2  U.S. Currency seized from Mechanics Bank checking account number 41143841, held in
3  the name of Terresa Rudd, dba Rock Bottom Beds ("defendant funds").

4      2.  On September 28, 2012, the United States filed a Verified Complaint for
5  Forfeiture *In Rem* alleging that the defendant funds and property (up to the amount
6  traceable, approximately $41,218.29) are proceeds of, and/or property involved in, and/or
7  facilitating property and therefore subject to forfeiture to the United States pursuant to
8  18 U.S.C. § 984 and 31 U.S.C. § 5317(c), incorporating the procedures governing civil
9  forfeiture actions pursuant to 18 U.S.C. § 981.

10      3.  The recorded owner of the defendant property is Terresa Lynn Rudd, an
11  unmarried woman.  The defendant property is a 3.2 acre undeveloped lot in Loomis,
12  California.

13      4.  The United States has not yet published Notice of the Forfeiture Action on the
14  official internet government forfeiture site www.forfeiture.gov but intends to shortly.

15      5.  On October 8, 2012, Terresa Rudd filed a claim in this action.  No other parties
16  have filed claims or answers in this matter, and the time for which any person or entity
17  may file a claim and answer will expire on November 2, 2012.  There are no liens against
18  the defendant property.

19      6.  On or about June 27, 2012, claimant placed the defendant property on the
20  market to be sold with N.R. Sadek Real Estate.  On or about August 30, 2012, claimant
21  accepted a sales offer in the amount of $105,000.00 for the defendant property.  Escrow is
22  estimated to close by the end of October 2012.  The buyer of the defendant property is
23  Midori Properties, LLC.

24      7.  The parties herein agree that the proposed sale of defendant property should
25  proceed pursuant to Paragraphs 8 through 20 below.

26      8.  Claimants shall instruct the title/escrow officer, Keela Hassell, at First
27  American Title Company to wire $63,888.35 of the net proceeds from the sale of the
28  defendant property to the U.S. Internal Revenue Service and to contact the U.S.

Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

9. The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following: real estate commissions, real estate property taxes which are due and owing, or which become a lien prior to the sale of the defendant property, insurance costs, and any other miscellaneous costs/fees incurred at closing through escrow.

10. Approximately $63,888.35 of the net proceeds from the sale of the defendant property shall be wired to the Internal Revenue Service, at the close of escrow, to be deposited in the U.S. Treasury Suspense Account. Said proceeds will be substituted as the res in this action and held pending further order of the Court.

11. Claimant will retain custody, control, and responsibility of the defendant property until the interlocutory sale that is the subject of this Stipulation has been completed.

12. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

13. All parties to this Stipulation hereby release plaintiff United States of America and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale, of the defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542.

14. Claimant shall maintain the defendant property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until their custody, control and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for

1  lawn and yard maintenance; and other ordinary and necessary items of routine
2  maintenance.
3      15.  Claimant shall maintain all insurance policies currently in effect with respect
4  to the defendant property, including hazard insurance to cover all buildings and other
5  improvements that are now located on the property until the interlocutory sale is
6  completed.  The insurance must cover loss or damage caused by fire, hazards normally
7  covered by "extended coverage" hazard insurance policies, and liability to persons injured
8  on said property and for property damage to the defendant property.
9      16.  Except as specifically provided herein, claimant shall not convey, transfer,
10 encumber, lien, or otherwise pledge the defendant property without the prior, written
11 approval of the United States.
12     17.  There was reasonable cause for the posting of the defendant property, and the
13 Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.
14     18.  All parties are to bear their own costs and attorneys' fees.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

19. Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this compromise settlement in this action.

Dated:  10/17/12  

BENJAMIN B. WAGNER
United States Attorney

By:    /s/ Kevin C. Khasigian  
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated:  10/16/12  

  /s/ Ryan T. Carrere  
RYAN T. CARRERE
Attorney for Claimant Terresa Rudd

Dated:  10/16/12  

  /s/ Terresa Rudd  
TERRESA RUDD
Claimant

ACKNOWLEDGMENT

State of California            )
                               )
County of  Sacramento   )

On    10/16/2012   , before me,    Alex N. Amaro   , Notary Public, personally appeared     Terresa Rudd    , who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature   /s/ Alex N. Amaro  

**ALEX N. AMARO
COMM. # 1922267
NOTARY PUBLIC – CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES JAN. 17, 2015**

5

Stipulation for Interlocutory Sale

# ORDER

1.  The defendant property shall be sold pursuant to the terms set forth above in the Stipulation for Interlocutory Sale.

2.  Approximately $63,888.35 of the net proceeds from the sale of the defendant property shall be wired to the U.S. Internal Revenue Service and deposited into the U.S. Treasury Suspense Account, substituted as the res herein, and held pending further order of the Court.

3.  The forfeiture action pending shall proceed against the substitute res in lieu of the defendant property sold pursuant to this Stipulation.

IT IS SO ORDERED.

**Date: 10/17/2012**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Stipulation for Interlocutory Sale

**Exhibit A**
**Real property at 8221 King Road, Loomis, California**

DESCRIPTION: THE LAND REFERRED TO HEREIN IS SITUATED IN THE UN IN CORPORA TED AREA, COUNTY OF PLACER, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 31, AS SHOWN ON THE MAP ENTITLED "FINAL MAP OF WHITEBRIDGE ESTATES", TRACT NO. 916, IN THE COUNTY OF PLACER, STATE OF CALIFORNIA, AS PER MAP FILED IN THE OFFICE OF THE COUNTY RECORDER OF PLACER COUNTY, CALIFORNIA ON SEPTEMBER 28, 2004 IN BOOK Z OF MAPS, AT PAGE 89.

PARCEL2:

A NON-EXCLUSIVE RIGHT OF WAY FOR ROAD PURPOSES, 50 FEET IN WIDTH, THE CENTERLINE OF WHICH IS DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE CENTERLINE OF A COUNTY ROAD FROM WHICH THE NORTHWEST CORNER OF SECTION 1, TOWNSHIP 11 NORTH, RANGE 7 EAST, MDB&M, BEARS THE FOLLOWING COURSES AND DISTANCES: NORTH 52 DEGREES 46' EAST 48.96 FEET, NORTH 23 DEGREES 44' WEST 188.57 FEET AND SOUTH 89 DEGREES 11' 10" WEST 329.16 FEET; THENCE, FROM SAID POINT OF BEGINNING, SOUTH 2 DEGREES 29' 30" EAST 144.11 FEET; THENCE SOUTH 41 DEGREES 06' 30" EAST 237.65 FEET; THENCE SOUTH 51 DEGREES 31' 30" EAST 119.81 FEET; THENCE SOUTH 1 DEGREE 02' 07" WEST 723.86 FEET TO A POINT ON THE SOUTH LINE OF THE PROPERTY DESCRIBED IN DEED TO RAYMOND K. NIEGEL AND WIFE, RECORDED MARCH 21, 1961 IN BOOK 870, PAGE 17, OFFICIAL RECORDS OF PLACER COUNTY, AS CONVEYED BY DEED RECORDED DECEMBER 7, 1961 IN BOOK 900, PAGE 235, OFFICIAL RECORDS.

APN: 037-330-004-000